# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GENE A. GRISBY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV408-214 |
| SERGEANT COTTON, *Georgia Department of Corrections Transportation Officer*, | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Gene Grisby, who is incarcerated at Hays State Prison in Trion, Georgia, filed this 42 U.S.C. § 1983 action on October 20, 2008. (Doc. 1.) On the same day, Grisby submitted a motion to proceed *in forma pauperis*, which the Court granted on November 19, 2008. (Docs. 2 & 5.) In that Order, the Court directed Grisby to return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 5.) The Court informed Grisby that his failure to return the forms would result in a recommendation that his case be dismissed. (Id.) Grisby has returned the

two forms; the case is therefore ready to proceed. (Docs. 6 & 7.)

Grisby was a passenger in a prison transport bus that collided with another vehicle on March 13, 2008. (Doc. 1 at 3.) He alleges that Sgt. Cotton, the bus driver, was traveling in excess of the posted speed limit and collided with a white truck, which was apparently stopped at a red light. (Id.) Grisby's hands were shackled to his feet, and he was not wearing a seatbelt (as the bus was not equipped with seatbelts). (Id. at 3-4.) Accordingly, "[t]he impact from the collision ejected him forward out of his seat," causing him to sustain lower-back and neck injuries. (Id. at 4.) Grisby has been prescribed muscle relaxers for his injuries, but he has not been provided with physical therapy or "medical support devices" and is still in pain. (Id.) He requests $850,000 in damages for his continuing "physical and mental pain and suffering," an undisclosed amount of punitive damages, and unspecified injunctive relief. (Id.)

Grisby's complaint should be dismissed, for mere negligence on the part of prison officials resulting in injury to an inmate under their care does not violate the Constitution. Daniels v. Williams, 474 U.S. 327, 333 (1986). Constitutional violations require something more: the prisoner must allege

that the official, at a minimum, acted with a state of mind that constituted deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the subjective component of the deliberate indifference test requires more than gross negligence). The deliberate indifference standard is satisfied when "official knows of and disregards an excessive risk to inmate health or safety." Id. Here, Grisby does not allege that Cotton had actual, subjective, knowledge of an excessive risk to Grisby's safety and chose to disregard that risk. Instead, Grisby claims that Cotton "knew or should have known" that his "reckless" driving would place Grisby (and, though Grisby does not mention it, Sgt. Cotton himself) in danger. (Doc. 1 at 4.) Such an equivocal allegation suggests negligence, not the subjective awareness required to state a constitutional claim under the Eighth Amendment. Hill v. Shobe, 93 F.3d 418, 421 (7th Cir. 1996) (vehicle accident caused by public official not actionable under § 1983 absent showing that official knew accident was imminent and consciously refused to prevent it); Bird v. Chatham County Det'n Ctr., 2008 WL 68842, at *2 (S.D. Ga. Jan. 2, 2008); Nation v. Ambers, 2008 WL 3075058, at *4-5 (M.D.

3

Ala. July 23, 2008) (holding that plaintiff's allegation that defendant should have been aware of certain dangers does not rise to the level of deliberate indifference). Accordingly, Grisby's claim fails. He may have a state law claim against Cotton, but the Constitution does not provide a remedy.[1]

For all of the above reasons, Grisby's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 5th day of January, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Furthermore, to the extent that Grisby seeks to recover for Cotton's failure to secure him in a seatbelt, "failure to seatbelt an inmate does not violate the Constitution." Dexter v. Ford Motor Co., 92 F. App'x 637, 643 (10th Cir. 2004). "At most, such failure constitutes negligence." Oliver v. Ga. Dep't of Corr., 2006 WL 3086792, at *3 (M.D. Ga. Oct. 27, 2006).